

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Timbuleng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2348

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Timbuleng v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1294.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1294

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2348

JANTJE TIMBULENG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

Petition for Review from the Board of Immigration Appeals
Agency No. A95-829-985

Submitted under Third Circuit LAR 34.1(a)
March 7, 2006

BEFORE: ROTH and GREENBERG, <u>Circuit</u> <u>Judges</u>, and
BUCKWALTER, <u>District</u> <u>Judge</u>*

(Filed: April 6, 2006)

*Honorable Ronald L. Buckwalter, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

OPINION

BUCKWALTER, <u>Senior District Judge</u>.

Petitioner Noke Jantje Timbuleng (Timbuleng) seeks to reopen immigration proceedings on account of new evidence regarding the conditions for Christians in Indonesia and alleged ineffective assistance of counsel. An Immigration Judge (IJ) denied Timbuleng's motion because: (1) the "evidence sought to be offered was available and could have previously been presented," and (2) Timbuleng failed to comply with the procedural requirements of <u>Matter of Lozada</u>, 19 I.&N. Dec. 637 (BIA 1988), which are necessary to raise on ineffective representation claim. (App. 237.) The Board of Immigration Appeals (BIA) affirmed. The BIA found that Timbuleng substantially complied with <u>Lozada's</u> requirements, but failed to "demonstrate[] prejudice flowing from his former attorney's allegedly ineffective representation, [because] his motion fail[ed] to establish prima facie eligibility for the relief sought." (App. 2.) We conclude that the BIA's findings of fact are supported by substantial evidence and that its conclusion to deny Timbuleng's motion to reopen was not an abuse of discretion. Therefore, the BIA's decision will be affirmed.

## I. FACTS AND PROCEDURAL HISTORY

Timbuleng is a citizen of Indonesia who was admitted into the United States on March 17, 2001 as a non-immigrant visitor for business with authorization to remain in the United States until April 15, 2001. On April 9, 2003, the Immigration and Naturalization Service (INS) issued a Notice to Appear (NTA) charging Timbuleng with

being removable as an alien who remained in the United States for a time longer than permitted after admission as a non-immigrant. On April 23, 2003, Timbuleng incorrectly submitted an asylum application to the Department of Homeland Security (DHS) instead of submitting the application to an Immigration Judge (IJ).[1] The DHS rejected and returned Timbuleng's asylum application because it was incomplete.[2]

On May 15, 2003, Timbuleng, represented by his former counsel, appeared before an IJ. Timbuleng admitted to the factual allegations contained in the NTA and that he was deportable as charged. In lieu of removal, Timbuleng requested asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure. The IJ reminded Timbuleng that his asylum application had been rejected and returned as incomplete, and gave him until June 12, 2003 to submit a completed application to the immigration court. Timbuleng never submitted a completed asylum application.

On October 6, 2003, the IJ found Timbuleng removable as charged and granted his request for voluntary departure. At that time, Timbuleng withdrew his applications for asylum, withholding of removal, and protection under the Convention

---

[1] Timbuleng's asylum application was "incorrectly filed because the IJ, rather than the DHS, had exclusive jurisdiction over the asylum application once [Timbuleng] was placed in removal proceedings." (App. 236 n.2.)

[2] In addition to being incomplete, Timbuleng's asylum application was untimely because it was filed more than one year after his arrival in the United States. (App. 236 n.2)

Against Torture, and waived his right to appeal.

On October 31, 2003, through new counsel, Timbuleng filed a motion to reconsider the October 6, 2003 decision "in light of the violent conditions that exist in Indonesia and [Timbuleng's] specific fears" of returning to Indonesia. (App. 245.) In support of his motion, Timbuleng submitted new evidence, including personal statements explaining his experiences in Indonesia and a collection of news reports detailing the violence and turmoil there.

On January 2, 2004, the IJ denied Timbuleng's motion, treating it as both a motion to reconsider and a motion to reopen. The request for reconsideration was denied because Timbuleng "failed to identify any specific factual or legal error in the prior decision." (App. 237.) The request to reopen was denied "because the evidence sought to be offered was available and could have previously been presented." Id. In addition, the IJ found that Timbuleng did not allege or establish changed country conditions in Indonesia. Finally, the IJ found that Timbuleng failed to properly raise an ineffective assistance of counsel claim under Matter of Lozada, 19 I.&N. Dec. 637 (BIA 1988).

Timbuleng appealed the IJ's January 2, 2004 decision to the BIA. On September 12, 2004, the BIA affirmed without opinion the IJ's denial of Timbuleng's motion to reconsider and reopen. Timbuleng did not seek review of the BIA's decision.

On October 12, 2004, Timbuleng filed a motion to reopen and a motion for a stay of removal with the BIA. In support of his motion, Timbuleng submitted an

affidavit and several internet articles describing the conditions in Indonesia.[3]  In his

affidavit, Timbuleng for the first time stated that Christian services met in his home and

that as a result, Muslims entered his home, slapped him on the face, told him to stop the

services, and "broke glass in [his and his guests'] cars."  (App. 17-18.)  According to

Timbuleng, similar incidents occurred on about six different occasions.  (App. 18.)

On March 31, 2005, the BIA denied Timbuleng's motion to reopen,

resulting in the present appeal.

## II. DISCUSSION

Under 8 U.S.C. § 1158(b)(1), the Attorney General may grant asylum to an

alien who is a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42).  An applicant

must show that he or she

> is unable or unwilling to return to, and is unable or unwilling to
> avail himself or herself of the protection of [the country of such
> person's nationality or in which such a person last habitually
> resided], because of persecution or a well-founded fear of
> persecution on account of race, religion, nationality,
> membership in a particular social group, or politician opinion .
> . . .

8 U.S.C. § 1101(a)(42)(A).  In the present case, the BIA found that Timbuleng failed to

establish a prima facie case for asylum because the evidence submitted does not

"establish past persecution or a well-founded fear of persecution, or that the respondent

---

[3] The internet articles submitted to the BIA in support of Timbuleng's motion to
reopen were different than those previously submitted to the IJ in support of his motion
for reconsideration.

5

more likely than not will be persecuted or tortured if removed to Indonesia." (App. 2.) The BIA reasoned that "the incidents of harm are too random and sporadic to show either a reasonable possibility or a clear probability that respondent will be harmed in a manner that rises to the level of persecution or torture." Id.

When a motion to reopen is denied for failure to establish a prima facie case, the BIA's findings of fact should be reviewed for substantial evidence and the ultimate decision to deny the motion should be reviewed for abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002). Timbuleng argues that the BIA abused its discretion in two ways. First, Timbuleng claims that the BIA erred in applying the "more likely than not" standard of proof instead of the more generous "well-founded fear" standard. Timbuleng points out that the well-founded fear standard requires a finding of "reasonable possibility" and not reasonable "probability." Second, Timbuleng argues that his "affidavit alone establishes past persecution" and that he has a well-founded fear of returning to Indonesia based on his past experiences.[4] (Petit. Br. at 6.)

Timbuleng's first argument fails because the BIA clearly stated in its opinion that the "incidents of harm are too random and sporadic to show either a

---

[4] In his brief to this Court, Timbuleng also presented the following issue for review concerning the untimeliness of his asylum application: "Although the Immigration Court found that petitioner sat on his right the BIA made no mention of it and therefore should not [sic] this issue be resolved in petitioner's favor." (Petit. Br. at 2.) Timbuleng did not, however, include this issue in the argument portion of his brief. It is not necessary for us, as it was not necessary for the BIA, to address whether Timbuleng's asylum application was timely because we find that Timbuleng is not eligible for asylum.

*reasonable possibility or a clear probability* that [Timbuleng] will be harmed in a manner that rises to the level of persecution or torture." (App. 2) (emphasis added). Therefore, the BIA did apply the proper "reasonable possibility" standard advocated by Timbuleng.

Timbuleng's second argument fails because he has not established past persecution or a well-founded fear of future persecution. With regard to past persecution, Timbuleng claims that Muslims threw stones at his house, told him to stop holding religious services, slapped him on the face, and "broke glass in [his and his guests'] cars." (App. 18.) Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). This Court has recognized that "[r]andom, isolated criminal acts perpetrated by anonymous thieves do not establish persecution." Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (quoting Gormley v. Ashcroft, 364 F.3d 1172, 1177 (9th Cir. 2004)). In Lie, the Court held that the petitioner's "account of two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, [were] not sufficiently severe to be considered persecution." Lie, 396 F.3d at 536. Like the facts of Lie, Timbuleng has alleged isolated criminal acts which, even if motivated by religion, are not sufficiently severe to be considered persecution. Therefore, the BIA did not err in holding that the incidents alleged by Timbuleng do not rise to the level of past persecution.

To establish a well-founded fear of future persecution, a petitioner must

7

demonstrate: (1) a subjective fear of persecution through credible testimony, and (2) " a pattern or practice . . . of persecution of a group of persons similarly situation to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 C.F.R. § 208.13(b)(1)(iii)(A). In the present case, the BIA focused on the second-prong of the well-founded fear test to find that the evidence submitted by Timbuleng does not reflect a pattern or practice of persecution.

"[T]o constitute a 'pattern or practice,' the persecution of the group must be 'systemic, pervasive, or organized.'" Lie, 396 F.3d at 537 (quoting Ngure v. Ashcroft, 367 F.3d 975, 991 (8th Cir. 2004)). "[V]iolence or other harm perpetrated by civilians . . . does not constitute persecution unless such acts are 'committed by the government or forces the government is either unable or unwilling to control.'" Lie, 296 F.3d at 537 (quoting Abddulrahman v. Ashcroft, 339 F.3d 587, 592 (3d Cir. 2003)).

In the present case, the BIA found that the alleged harm was "too random and sporadic to . . . rise[] to the level of persecution or torture." (App. 2.) In Lie, this Court, specifically considering whether the recent violence by Muslim extremists against Christians in Indonesia constituted a pattern or practice of persecution, held that this violence "has been primarily wrought by fellow citizens and not the result of governmental action or acquiescence" and therefore is not a pattern or practice of persecution. Lie, 396 F.3d at 537. Timbuleng has not demonstrated that the circumstances in Indonesia have changed since the decision in Lie to include government

8

action or acquiescence.  Therefore, the BIA did not err in finding that there is not a pattern or practice of persecution of Christians in Indonesia at this time.

We will deny the petition for review.